Dear Ms. Brewster:
Our office is in receipt of your opinion request in regards to a fee for the cancellation of bond forfeiture judgments. Specifically, you ask the following:
 Whether the 22nd Judicial District's District Attorney's Office in St. Tammany Parish is obligated to pay a $15.00 fee imposed by the Clerk of Court for St. Tammany Parish for the cancellation of bond forfeiture judgments.
For the reasons stated below, the answer to this question is no.
First, it should be noted that the authority of the clerks of the district courts to assess fees in matters relating to forfeited bonds is contained in the following statutes:
 La. 13:847. Fees in criminal cases
 "A. The clerk of court may charge the following fees and no more in all criminal cases:
 (19) For calling, forfeiting, and entering judgment on appearance bond, one dollar twenty-five cents."
 La. 15:85. Forfeiture; procedure; notice; enforcement; and collection.
 "(4) Recordation of judgment. After mailing notice of the signing of the judgment of bond forfeiture, the district attorney shall cause the judgment to be recorded in every parish in which he thinks the recordation is proper. Every such recordation shall be without cost and shall operate as a judicial mortgage against the defendant and all his sureties." *Page 2 
As this office has stated before in Opinion No. 84-17, "[T]here is no express statutory authority for clerks of the district courts to collect fees other than those enumerated by statute. The statutes authorizing collection of fees are limited and specific, and the amounts to be collected are mandated. Therefore, it is our view that the Legislature intended to exclude all those situations not explicitly covered by statute." Atty. Gen. Op. 84-17. The language in La. 15:85(4) specifically states that recordation of the bond forfeitures are to be made without cost once it is signed and the notice has been mailed. There is no mention of any costs for canceling or setting aside bond forfeiture judgments within La. 15:85. The implication is that no costs are to be assessed for setting this judgment aside. The prohibition against extra costs is also valid when there is the absence of such language to the contrary. Atty. Gen. Op. 84-17.
To summarize the information from above, there is some question as to the legal authority of the clerk of court to impose the $15 fee, but this question is not presented at this time.
Second and more importantly, to specifically address your question, La. 13:4521 states the following:
 La. 13:4521. State and its subdivisions, boards, and commissions not required to pay court costs; exceptions
 "A. (1) Except as provided in La. 13:5112, La. 13:15 and 116, and La. 45:51, and as hereinafter provided, neither the state, nor any parish, municipality, nor other political subdivision, public board, or commission, nor any officer or employee of any such governmental entity when acting within the scope and authority of such employment or when discharging his official duties shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state, or any such parish, municipality, or other political subdivision, board, or commission, in any court of this state or any municipality of this state. . . ."
It is well settled law that any District Attorney's Office is considered a "political subdivision." As such, every District Attorney's office, including yours, is exempt from paying "court costs or fees in any judicial proceeding instituted or prosecuted by or against the state, parish, municipality, or political subdivision." La. 13:4521, Atty. Gen. Op. 97-284.
In conclusion, it is our opinion that your office does not have to pay the $15 fee to the clerk of the district court in St. Tammany Parish because your office is exempt from any fees as stated in the applicable language in La. 13:4521. *Page 3 
We hope this opinion sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
 Very truly yours,
 CHARLES C. FOTI, JR.
 Attorney General
 BY: _______________________________
 PEGGY GOODS
 Assistant Attorney General